IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JERMICHAEL PEARSON, | * |
| Plaintiff, | * |
| v. | * |
| | *  CIVIL ACTION NO. |
| | *  7:13-CV-26-HL-TQL |
| CEDRIC TAYLOR, al., | * |
| Defendants. | * |

### DEFENDANT WESTON'S ANSWER TO THE COMPLAINT

**COMES NOW** Defendant Robert Weston, by counsel, the Attorney General for the State of Georgia, and submits his Answer and Preliminary Defenses to Plaintiff's re-cast complaint (Doc-10) as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted against the Defendant.

## SECOND DEFENSE

Defendant denies that Plaintiff has been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of Georgia.

## THIRD DEFENSE

Defendant submits that he cannot be held liable for any actions involving the Plaintiff in which said Defendant did not directly participate or of which he had no knowledge.

## FOURTH DEFENSE

The complaint fails to establish that Defendant breached any duties which he may have owed to the Plaintiff.

## FIFTH DEFENSE

Plaintiff fails to state a claim in that all alleged physical injuries or "injury in fact" as a result of the incident were superficial.

## SIXTH DEFENSE

The Plaintiff's allegations against the Defendant are barred by the doctrine of qualified immunity and Plaintiff has failed to make a detailed and fact-specific showing of the violation of any clearly established right.

## SEVENTH DEFENSE

Defendant reserves the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled or developed.

Without waiving any of the foregoing defenses, the Defendant responds to the numbered paragraphs of the complaint as follows:

1.

In response to section I of the complaint concerning general information, Defendant admits that Plaintiff is presently incarcerated pursuant to a valid conviction from a state court of record. Defendant admits that Plaintiff was incarcerated at the Valdosta State Prison at the time of the incident.

2.

In response to section II of the complaint concerning previous lawsuits, Defendant does not have sufficient information at this time to admit or deny the lack of previous lawsuits. Therefore, the contentions are denied.

3.

In response to section III of the complaint concerning confinement, Defendant admits that Plaintiff was assigned to the special management unit at Valdosta State Prison, that the prison where the incident occurred has a grievance procedure, and that Plaintiff filed a grievance. Defendant does not have sufficient

information at this time to admit or deny that Plaintiff fully appealed, or exhausted the grievance process, therefore, exhaustion is denied.

4.

In response to paragraph IV of the complaint concerning parties, Defendant admits that he was at the time of the incidents in the complaint, an employee of the Department of Corrections. Defendant denies any violation of Plaintiff's rights, and denies the any implications in the complaint about failing to protect the Plaintiff from a known harm.

5.

In response to paragraph V of the complaint concerning the claim, Defendant admits that Plaintiff was at the time of the incident incarcerated at the Valdosta State Prison. Defendant avers that Plaintiff was identified as a gang member. Defendant admits that there was an incident involving other inmates resulting in injury. Defendant admits that he observed a weapon in Plaintiff's cell, being held by the Plaintiff. Defendant admits directing Plaintiff to drop the weapon and cuff up, so the cell could be opened and the weapon retrieved. Defendant admits that when Plaintiff refused to comply with the directives, a 3 second burst of OC spray was used. Defendant denies emptying the canister of OC spray; denies that Plaintiff vomited; denies that Plaintiff could not breath; denies using the language asserted; and denies trying to "kill" the Plaintiff. Defendant

admits that in accordance with policy, Plaintiff was taken to the shower where he was given the opportunity to wash off the OC spray, and then the Plaintiff was, as he concedes, checked by a nurse who cleared him medically. The weapon was retrieved from the cell and secured.

Defendant does not have sufficient information at this time to admit or deny the contentions regarding other individuals such as the deputy warden, therefore, the contentions are denied. Defendant does admit that after the incident, Plaintiff had the opportunity to see and be treated by medical officials upon request. Defendant also admits filing a disciplinary report regarding the incident. Defendant admits that Plaintiff was found guilty of the disciplinary.

Defendant denies any of the Plaintiff's factual assertions that were not specifically addressed above.

6.

In response to the prayer for relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendant denies that Plaintiff is entitled to damages as Plaintiff has failed to allege anything other than superficial injuries.

7.

Defendant hereby denies any allegation of fact contained in the complaint not herein specifically admitted, denied or otherwise controverted.

5

8.

Wherefore, Defendant having answered the complaint and stated his defenses, the Defendant requests a jury trial on all appropriate issues.

Respectfully submitted this 4th day of November, 2013.

                                          SAMUEL S. OLENS
                                        Georgia Bar No. 551540
                                        Attorney General

                                        KATHLEEN M. PACIOUS
                                        Georgia Bar No. 558555
                                        Deputy Attorney General

                                        DEVON ORLAND
                                        Georgia Bar No. 554301
                                        Senior Assistant Attorney General

                                        s/Eddie Snelling, Jr._____
                                        Georgia Bar No. 665725
                                        Senior Assistant Attorney General
                                        Lead Attorney for Defendants

EDDIE SNELLING, Jr.
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
FAX: (404) 651-5304
esnelling@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2013, I electronically filed Defendant Taylor's ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

N/A

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>JERMICHAEL PEARSON, GDC # 1104551
>Valdosta State Prison
>P.O. Box 310
>Valdosta, Georgia 31603

>s/Eddie Snelling, Jr.
>Georgia Bar No. 665725
>Lead Attorney for Defendants

State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 463-8850
Email: esnelling@law.ga.gov