IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JERMICHAEL PEARSON, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 13-CV-26 (HL)** |
| CEDRIC TAYLOR, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on March 8, 2013, raising allegations of excessive force and deliberate indifference to serious medical needs.  (Doc. 1).  After reviewing Plaintiff's allegations, the Court directed Plaintiff to file a recast Complaint.  (Doc. 6).   Plaintiff filed his recast Complaint on June 28, 2013, and the Court directed service on Defendants Taylor, Orr, Philbin, and Westin.   (Docs. 10, 11).   This Recommendation addresses motions to dismiss filed on behalf of Defendants Orr and Philbin,   and Defendant Taylor (Docs. 17, 31).   The Plaintiff has filed responses to these Defendants' motions to dismiss.   (Docs. 27, 38, 39, 64).

**Background**

Plaintiff's claims arise out of events occurring on January 15, 2013 while he was confined at Valdosta State Prison.   In his recast Complaint, the Plaintiff alleges that Defendant Weston used excessive force in spraying him with pepper spray after Plaintiff refused to hand over a weapon that had been used by another inmate and discarded in Plaintiff's cell.   Plaintiff further alleges that Defendants Philbin, Orr, and Taylor denied him

medical treatment after the pepper spray incident.

Defendants Orr, Philbin, and Taylor have filed motions to dismiss, asserting in part that the Plaintiff has failed to exhaust his administrative remedies as to his claims against them prior to filing this lawsuit. (Docs. 17, 31). A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act (PLRA) mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek

leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

The Plaintiff, in response to Defendants' contentions regarding exhaustion, maintains that he could not have grieved multiple issues in the same grievance, as grieving more than one issue per grievance form is prohibited by the Department of Corrections' grievance policy. (Docs. 27, 38, 39). Taking the Plaintiff's allegations as true, Plaintiff's claims are arguably not subject to dismissal pursuant to the first step of the *Turner* analysis.

The Defendants establish, by means of the affidavit testimony of Shunda Woods, Grievance Coordinator at Valdosta State Prison, that a grievance system was in place at

Valdosta State Prison at the time of the incident underlying this lawsuit.  (Doc. 19-1).  The Defendants further establish, supported by the affidavit testimony of Woods, that during Plaintiff's incarceration at Valdosta State Prison and prior to the filing of this lawsuit, Plaintiff filed multiple grievances.  *Id.* at ¶ 12.

Plaintiff filed one grievance regarding the pepper spray incident of January 15, 2013, wherein he alleged that Defendant Weston had used excessive force in pepper spraying him. *Id.* at ¶ 13.  Plaintiff does not raise any allegations against Defendants Orr, Philbin, or Taylor in the grievance, nor does he challenge any denial of medical care.  *Id.* at ¶¶ 14, 16; Doc. 17-6. Although the Plaintiff maintains that he could not have filed a grievance with multiple issues, per GDOC policy, he was obviously aware of the grievance procedure and capable of filing a second grievance regarding the medical treatment issues.   (Doc. 38, p. 7, Doc. 39, p. 7). Additionally, although an inmate need not name all defendants specifically in a grievance in order to exhaust his administrative grievances, he must "alert[] prison officials to [the] problem and give[]them the opportunity to resolve it before being sued."  *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).   The purpose of exhaustion "is to put the [administrative authority] on notice of all issues in contention and to allow the [authority] an opportunity to investigate those issues."  *Chandler v. Cosby*, 379 F.3d 1278, 1287 (11th Cir. 2004).   The Plaintiff's January 15, 2013 grievance does not raise the issues of medical treatment or deliberate indifference to serious medical conditions, and thereby did not alert officials to these claims.

The Court finds that the Plaintiff has not exhausted the claims of deliberate indifference to serious medical needs underlying this lawsuit, in that, he has not utilized all available remedies to grieve the alleged offenses of Defendants Orr, Philbin, and Taylor.   The affidavit

testimony in support of these Defendants' motions to dismiss establishes the presence of a grievance system at Valdosta State Prison and establishes that the Plaintiff did not complete the grievance process regarding his deliberate indifference claims prior to filing this lawsuit.

The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA "requires proper exhaustion". *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.* Exhaustion of the grievance system by means of filing some form of proper grievance is required. *Parzyck*, 627 F.3d at 1219 (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)). The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies as to his claims of deliberate indifference to a serious medical need contained in this lawsuit.

The Court notes that there is no indication that Plaintiff's use of the grievance process was prohibited by prison officials, by means of threat or otherwise. In order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to the deliberate indifference claims brought against Defendants Orr, Philbin, and Taylor, it is the recommendation of the undersigned that the motions to dismiss filed on behalf of Defendants Orr, Philbin, and Taylor be **GRANTED.**   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 2nd   day of May, 2014.

                                                       s/   ***THOMAS Q. LANGSTAFF***
                                                       **UNITED STATES MAGISTRATE JUDGE**

asb