**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **JERMICHAEL PEARSON**, | |
| Plaintiff, | Civil Action No. 7:13-CV-26 (HL) |
| v. | |
| **CEDRIC TAYLOR, et al.**, | |
| Defendants. | |

**ORDER**

This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 75), entered May 2, 2014. Judge Langstaff recommends granting Defendant Weston's Motion for Summary Judgment. (Doc. 54).

On May 23, 2014, Plaintiff filed his objections to the recommendation. (Doc. 80). Defendant responded to Plaintiff's objections on May 30, 2014 (Doc. 83), arguing that the Court should disregard Plaintiff's objections for being filed outside the permitted timeframe. When a magistrate judge enters a report setting forth proposed findings and recommendations, "any party may serve and file written objections to such proposed findings," within 14 days. 28 U.S.C. § 636(b)(1). However, in the case of a *pro se* inmate, the Eleventh Circuit applies the mailbox rule and considers a prisoner's pleading filed on the date he delivered the document to the prison mailroom. Day v. Hall, 528 F3. 1315, 1318 (11th Cir. 2008). The court may presume that the prisoner delivered the pleading

for filing the same day he signed it: "Absent evidence to the contrary in the form of prison logs or other records, we will assume that [the prisoner's] motion was delivered to prison authorities the day . . . signed." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). The burden rests with the prison authorities to prove the date a prisoner delivered a document to be mailed. Id.

Here, Plaintiff signed his objections on May 11, 2014, which falls within 14 days of the Magistrate's recommendation. Even though the post mark indicates that prison authorities placed Plaintiff's envelope in the mail on May 21, 2014, and the clerk's office did not receive the filing until May 23, 2014, Defendant has presented no evidence that Plaintiff did not deliver his objections for mailing on the same day he signed his submission. Therefore, the Court may consider Plaintiff's objections to the recommendation.

The Court conducted a *de novo* review of the Recommendation and objections. Upon review, the Court accepts and adopts the Recommendation. Plaintiff's objections are overruled. The Court grants Defendant Weston's Motion for Summary Judgment. The Clerk of Court is directed to enter final judgment in favor of this Defendant.

**SO ORDERED**, this 30th day of May, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks