IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JERMICHAEL PEARSON, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 13-CV-26 (HL)** |
| CEDRIC TAYLOR, *et al.*, | : |
| Defendants. | : |

**ORDER and RECOMMENDATION**

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on March 8, 2013, raising allegations of excessive force and deliberate indifference to serious medical needs. (Doc. 1). By Orders dated May 30, 2014, the Court granted the Defendants' dispositive motions, and judgment was entered in favor of the Defendants that same day. (Docs. 85, 86, 87). Since the entry of judgment in favor of the Defendants, the Plaintiff has filed what appears to be a motion seeking the appointment of counsel, wherein he contends that post-judgment, his legal papers were taken from him. (Doc. 90).

Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982). Moreover, as judgment has been entered and

this matter concluded, Plaintiff's Motion for Appointment of Counsel in these proceedings is moot, and is accordingly **DENIED.**

To the extent that Plaintiff's supplemental response filed on July 21, 2014, executed by the Plaintiff on June 16, 2014 (Doc. 92), can be construed as a Motion to Alter or Amend a Judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court finds that the Plaintiff has failed to establish his entitlement to the relief requested. Rule 59(e) "provides no specific grounds for relief, and 'the decision to alter or amend judgment is committed to the sound discretion of the district judge.'" *Taylor v. First North American National Bank,* 331 F.Supp.2d 1354 (M.D.Ala. 2004) *quoting American Home Assur. Co. v. Glenn Estess & Assocs., Inc.* 763 F.2d 1237, 1238-39 (11th Cir. 1985). A motion brought pursuant to Rule 59(e) can be granted based on "(1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law." *Id.* "Motions to amend [a judgment] should not be used to raise arguments which could, and should, have been made before the judgment was issued." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

In his supplemental response, the Plaintiff continues to present arguments against the Defendants' dispositive motions, which were granted by Orders dated May 30, 2014. (Docs. 85, 86). To the extent that this response represents a Motion to Alter or Amend Judgment under Rule 59(e), it is recommended that this motion be **DENIED**. Pursuant to

2

28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED and RECOMMENDED**, this 14th day of October, 2014.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb