IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**JERMICHAEL PEARSON**,

    Plaintiff,

v.                                             Civil Action No. 7:13-CV-26 (HL)

**CEDRIC TAYLOR, et al.**,

    Defendant.

**ORDER**

This case is before the Court on Plaintiff's Motion for Reconsideration to Alter Judgment (Doc. 100), Motion for Relief from the Judgment and Order of the District Court (Doc. 101), and Motion for Relief from Judgment and Order (Doc. 111). For the following reasons, the Court denies each of Plaintiff's motions.

**I.   Motion for Reconsideration to Alter Judgment (Doc. 100)**

In Plaintiff's first motion for reconsideration (Doc. 100), he asks the Court to reconsider its May 30, 2014 orders (Docs. 85, 86) adopting United States Magistrate Judge Thomas Q. Langstaff's recommendation to grant Defendants Taylor, Orr, and Philbin's motions to dismiss (Doc. 74) and Defendant Weston's motion for summary judgment. (Doc. 75). Plaintiff contends that the Court misapplied the legal standard for an excessive force claim, which resulted in manifest injustice to Plaintiff.

Local Rule 7.6 provides:

> Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. L.R. 7.6.

Alternatively, under Rule 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e). The Eleventh Circuit has held that the only grounds for granting such a motion are newly-discovered evidence or manifest errors of law or fact. Stabb v. GMAC Mortg., LLC, 2014 U.S. App. LEXIS 16081, at *6 (11th Cir. Aug. 21, 2014) (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). A Rule 59(e) motion is not an appropriate mechanism to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Id.; see also Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)) ("[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined.").

The Court denies Plaintiff's motion for two reasons. First, Plaintiff's motion is untimely under the timeframes established by both the local rules and the Federal Rules of Civil Procedure. The Court entered the orders in question on

May 30, 2014. Judgment was entered in favor of all Defendants on that same date. In the case of a *pro se* inmate, the Eleventh Circuit requires application of the mailbox rule when determining when an inmate filed a pleading. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008). A prisoner's pleading is considered filed on the date he delivers the document to the prison mailroom. Id. The Court may presume that the prisoner delivered the pleading for filing the same day he signed the document: "Absent evidence to the contrary in the form of prison logs or other records, we will assume that [the prisoner's] motion was delivered to prison authorities the day . . . signed." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, Plaintiff signed his motion for reconsideration on October 25, 2014, almost three months after entry of the judgment, well outside the 14 or 28 day requirements. The Court therefore denies Plaintiff's motion as untimely.

Further, Plaintiff has not produced any new evidence or pointed to any manifest error of law or fact in the Court's order. Rather, Plaintiff merely rehashes old arguments against Defendants' dispositive motions. Finding no other basis on which the court should alter or amend the judgment, Plaintiff's motion is denied.

II. **Motion for Relief from the Judgment and Order of the District Court (Doc. 101)**

Plaintiff next moves pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Court's May 30, 2014, Judgment (Doc. 87), in which he reiterates

3

in large part the same arguments as those set forth in his motion for reconsideration. Plaintiff also takes issue with the Court granting Defendants' dispositive motions based on his contention that the Magistrate abused his discretion by not granting Plaintiff's motions for default judgment against Defendants Taylor and Weston.

Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under Rule 60(b) "'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)). A motion filed pursuant to this section "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Johnson v. American Sec. Ins. Co., 392 Fed.App'x 838, 841 (11th Cir. 2010).

4

Plaintiff here has not produced evidence of any exceptional circumstances that warrant the relief requested. Plaintiff argues that the Court should not have considered the dispositive motions filed by Defendants Taylor and Weston because those individuals were in default, and the Magistrate erred by failing to enter a default judgment in Plaintiff's favor.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). On October 9, 2013, Plaintiff signed and submitted for filing Declarations for Entry of Default against Taylor and Weston. (Docs. 28, 29). A review of the docket in this case shows that at the time Plaintiff requested that the Clerk enter the default of these two individuals, they had not yet been served with a copy of Plaintiff's Complaint. Weston was not served until October 21, 2013. (Doc. 34). He filed a timely Answer on November 4, 2013. (Doc. 35). The record reflects that the United States Marshall attempted to serve Taylor on October 21st as well but learned that Taylor no longer worked at Valdosta State Prison. (Doc. 33). It is unclear when precisely Taylor was served. He did file a pre-Answer Motion to Dismiss on October 30, 2013 (Doc. 31), leading the Court to presume that Taylor was served sometime between October 21st and October 30th. Plaintiff later filed a Memorandum in Support of his application for entry of default. (Doc. 40).

5

Plaintiff's pursuit of a default judgment was premature and improperly filed. Since Plaintiff never raised the subject of default in the form of a motion, his concerns were never addressed either by recommendation or by order. Even if Plaintiff had followed procedural protocol, his motions would have been properly denied since the record clearly indicates that Defendants Weston and Taylor were never in default. The Court accordingly denies Plaintiff's motion for relief from the judgment.

### III.  Motion for Relief from Judgment and Order (Doc. 111)

In his final motion (Doc. 111), Plaintiff claims that he was denied equal protection of the law when the Court vacated its original Order adopting the recommendation to deny Defendant Weston's motion for summary judgment (Doc. 84) and entered a corrected Order (Doc. 84) that same date. Plaintiff alleges that the Court deliberately failed to provide notice of the amended order, "[a]nd such inexcusable neglect pulled the wool over the Plaintiff [sic] eyes of which purportedly prevented the Plaintiff from discovering the District Court vacated the initial Judgment and Order." (Doc. 111, p. 3). He further avers that the new order "constituted a significant change in facts and law warranting revision of the decree." (Id.).

Plaintiff's arguments are without merit. Review of the two orders in question (Docs. 84, 86), reveals that the orders are identical with the exception of the spelling of Defendant Weston's name. The Court revised its order specifically

to correct this scrivener's error as is explained in the docket notation. Therefore, the Court denies Plaintiff's motion for relief from the judgment on this basis.

In the course of this motion, Plaintiff again raises issues brought before the Court in his first two motions for reconsideration, which the Court has already denied herein. He also appears to request reconsideration of the Court's November 10, 2014, Order adopting the Magistrate's October 14, 2014 recommendation (Doc. 97), which construed a supplemental response filed by Plaintiff on June 16, 2014 (Doc. 92) as a Motion to Alter or Amend Judgment pursuant to Rule 59(e) and recommended denying the same for failure to do anything more than repeat arguments against Defendants' dispositive motions. Local Rule 7.6 provides that "[p]arties and attorneys for the parties shall not file motions to reconsider the court's denial or grant of a prior motion for reconsideration." Thus, to the extent that Plaintiff's motion seeks reconsideration of a previous denial of a motion for reconsideration, Plaintiff's motion is denied.

**SO ORDERED**, this 6th day of January, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks

7